[Cite as *State v. Flint*, 2019-Ohio-3952.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-009 |
| | : | O P I N I O N |
| - vs - | | 9/30/2019 |
| | : | |
| JASON EARL FLINT, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case Nos. CRB1701928, TRC1707279A, and TRC1707279C


Laura Railing Gibson, Prosecuting Attorney, 69 N. South Street, Wilmington, Ohio 45177, for appellee

Rose & Dobyns Co., LPA, Blaise Underwood, 97 N. South Street, Wilmington, Ohio 45177, for appellant


**RINGLAND, P.J.**

{¶ 1} Appellant, Jason Flint, appeals from his convictions in the Clinton County Court Municipal Court. For the reasons detailed below, we affirm.

{¶ 2} On October 16, 2017, Trooper Brittany Noah of the Ohio State Highway Patrol filed a complaint in the Clinton County Municipal Court charging Flint with operating a vehicle while under the influence of alcohol (OVI), failure to control, failure to properly secure a child

in a child restraint system, and endangering children. The charges stemmed from a single-vehicle accident on the evening of October 14, 2017 where Sergeant Jeremy Grillot encountered Flint and his box truck partially blocking the roadway. Following an investigation, the troopers concluded that Flint had been driving the box truck while intoxicated and his four-year-old child had been unrestrained in the vehicle with him immediately prior to the accident.

**{¶ 3}** Following a bench trial, the trial court found Flint not guilty for failing to properly secure his child. However, the trial court found Flint guilty for failure to control, OVI, and endangering children.[1] Flint now appeals, raising one assignment of error for review:

**{¶ 4}** THE TRIAL COURT ERRED IN DENYING APPELLANT'S OHIO CRIM.R. 29 MOTION FOR ACQUITTAL AS APPELLEE FAILED TO ESTABLISH ALL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.

**{¶ 5}** In his sole assignment of error, Flint argues the trial court erred by denying his Crim.R. 29 motion for acquittal, alleging the state failed to prove all elements of his OVI offense. In particular, Flint maintains that the state failed to prove that he operated the vehicle in question. We find Flint's argument to be without merit.

**{¶ 6}** Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion pursuant to the same standard as that used to review a sufficiency-of-the-evidence claim. S*tate v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082 and CA2016-12-083, 2017-Ohio-8638, ¶ 19.

**{¶ 7}** When reviewing the sufficiency of the evidence underlying a criminal conviction,

---

1. The trial court dismissed the high concentration charge under R.C. 4511.19(A)(1)(h), ostensibly due to the timing of when the breath test occurred. However, the BAC DataMaster results were admitted into evidence.

- 2 -

an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *Id.* at ¶ 20. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22. This is a lesser standard of review than a manifest weight challenge where this court examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14; *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 42 ("determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency").

{¶ 8} As noted above, Flint was convicted of OVI in violation of R.C. 4511.19(A)(1)(a). Pursuant to that section, no person shall operate any vehicle if, at the time of the operation, "[t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 4511.19(A)(1)(a).

{¶ 9} In addition, Flint was convicted of endangering children in violation of R.C. 2919.22(C)(1) which provides: "No person shall operate a vehicle * * * within this state in violation of division (A) of section 4511.19 of the Revised Code when one or more children under eighteen years of age are in the vehicle * * *." *State v. Ossege*, 12th Dist. Clermont Nos. CA2013-11-086 and CA2013-11-087, 2014-Ohio-3186, ¶ 55.

{¶ 10} During trial, Sergeant Grillot, Trooper Noah, and Trooper Kelsey Howard, testified that Flint had the odor of an alcoholic beverage on his person when they encountered him on the evening of October 14, 2017. Trooper Howard performed the field sobriety testing on Flint. Trooper Howard testified that Flint demonstrated six out of six possible clues for impairment in the Horizontal Gaze Nystagmus test, had nystagmus in both

eyes in the Vertical Gaze Nystagmus test, demonstrated four clues of impairment in the walk and turn test, and was unable to perform the one-legged stand. Upon request, Flint submitted a breath sample. The results from the breath sample revealed that Flint's blood alcohol content was .192.

{¶ 11} As to operation of the vehicle, Sergeant Grillot testified that on the relevant evening, he was driving on State Route 730 when he observed a box truck in a ditch, partially blocking the roadway. As relevant here, when Sergeant Grillot approached the scene, he observed that Flint was sitting in the passenger seat of a pickup truck that had arrived following the accident. Sergeant Grillot testified that Flint had cuts on his skin and was bleeding. Also seated in the pickup truck was Flint's four-year-old son, who had visible shards of glass on his clothing.

{¶ 12} Sergeant Grillot then placed Flint in the back of his cruiser. During questioning, Flint admitted to consuming alcohol that evening but denied that he had been driving the box truck. Rather, Flint told Sergeant Grillot that someone named Travis had been driving the box truck but had left the scene after the accident. Upon further questioning, Flint was unable to provide Sergeant Grillot with Travis' last name, nor could he provide a phone number for Travis or any other pertinent information such as their relation or how they knew each other.

{¶ 13} The cruiser cam video was admitted into evidence, which captured the interaction between Flint and Sergeant Grillot while Flint was sitting in the back of the cruiser. During questioning with Sergeant Grillot, Flint adamantly denied driving the box truck, but was vague and evasive as to the description of the alleged driver who Flint referred to as Travis. However, the cruiser cam video captured phone calls that Flint made to his wife while Sergeant Grillot was away. In his initial phone call, Flint told his wife "[t]he box truck ran out of gas. I turned it into the ditch right before the house." When Sergeant Grillot came to

- 4 -

speak to Flint, he once again denied driving the box truck. Then when Sergeant Grillot left Flint's vicinity again, Flint called his wife a second time and instructed her to come to the scene and tell law enforcement "the truth" that: (1) she had dropped their 4-year-old son off at the scene of the accident while the box truck was already in the ditch, (2) she thought the situation was under control and that he had run out of diesel, (3) "guy" was driving "which I wasn't driving," and (4) "make sure" to tell law enforcement that their son "was with you when dropping him off." Flint then told his wife that "I'll owe you huge."

{¶ 14} After a thorough review of the record, we find Flint's OVI conviction was supported by sufficient evidence. As noted above, the state presented sufficient evidence to demonstrate that Flint had been operating the box truck while intoxicated. Though Flint adamantly denied driving the box truck, in the phone call with his wife, Flint admitted that he had been driving the box truck immediately prior to running out of fuel and pulling the box truck partially in the ditch. Furthermore, Flint's claims with respect to "Travis," along with the cuts on his face and the shards of glass on his son corroborate the lack of veracity in his version of the evening and offer compelling circumstantial evidence of his guilt. In sum, there was sufficient evidence to support a finding that Flint had been driving the vehicle and committed the relevant OVI offense. Flint's claim that "Travis" was driving the vehicle was a matter of credibility for the trier of fact. *See State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086, ¶ 42 (defendant's claim that another individual was operating a vehicle was a credibility determination for the trier of fact).

{¶ 15} Finally, Flint summarily argues that his conviction for child endangering under R.C. 2919.22(C) should be overturned because no rational trier of fact could have found him guilty of the OVI offense, an essential element of the offense. However, for the reasons detailed above, Flint's OVI conviction is supported by sufficient evidence and there is sufficient evidence to support the finding that Flint's four-year-old child was in the box truck at

the time he committed the offense.  Therefore, the child endangering charge related to the OVI is also supported by sufficient evidence.  As a result, we find Flint's sole assignment of error to be without merit and it is hereby overruled.

{¶ 16} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.